IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TYRONE M. HOWARD,
      Petitioner,

vs.                                Case No.:  5:10cv182/RH/EMT

FLORIDA PAROLE COMMISSION,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent ("Parole Commission") filed an answer and relevant portions of the state court record (doc. 8).  Petitioner filed a reply (doc. 10).

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

      The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 8).[1]  Petitioner's history with the Parole Commission began with his commitment to the Florida Department of Corrections ("FDOC") for armed robbery in 1983 (Ex.

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 8).  The procedural history of Petitioner's challenges to the Parole Commission's decisions regarding his presumptive parole release date is irrelevant to the issues raised in the instant habeas action and therefore not included in this Report.

A).  He was sentenced to life in prison with a three-year mandatory provision (*id.*).  Petitioner's first grant of parole was on March 13, 2001, subject to terms and conditions of parole for life (Ex. B).

On April 1, 2003, the Parole Commission issued a Warrant for Retaking Paroled Prisoner based upon alleged violations of the conditions of his parole (Ex. C).  The Parole Commission found Petitioner guilty of violating the terms and conditions of his parole, but restored him to parole supervision (*id.*).

On August 4, 2003, the Parole Commission again issued a Warrant for Retaking Paroled Prisoner based upon a report of Petitioner's parole officer, Johnnie Porter, that Petitioner violated condition 7 of his parole by unlawfully (1) giving a false report to Officer S.M. Witherow of the Jacksonville Sheriff's Office, by reporting that he was a victim of a carjack, when, in fact, he was not carjacked, and (2) possessing a suspended driver's license (Ex. D).  A preliminary hearing was held on October 28, 2003 (Ex. E at 56–60).  The parole examiner, Karel Yedlicka, Jr., found probable cause that a violation of supervision occurred, based upon Petitioner's admission to the violations, but recommended Petitioner be restored to supervision (*id.*).  A final revocation hearing was held on December 29, 2003 (*id.* at 49–55).  The parole examiner, Joseph Reese, found Petitioner guilty of violating the terms and conditions of his parole, but recommended he be reinstated to parole supervision (*id.* at 47–55).  The Parole Commission revoked Petitioner's parole, effective September 4, 2003, based upon the hearing examiner's determination that Petitioner violated the conditions of his supervision as alleged in the Warrant (Ex. F).  The Parole Commission rejected the hearing examiner's recommendation that Petitioner be restored to supervision and instead ordered Petitioner returned to FDOC custody (*id.*).

Petitioner sought review of the Parole Commission's decision in the Florida courts by filing a petition for writ of habeas corpus in the Circuit Court in and for Walton County, Florida, Case No. 04-211-CA ("first habeas petition") (Ex. J).  He argued the Parole Commission erred by rejecting the hearing examiner's findings without making a determination that there was no competent, substantial evidence to support them (*id.*).  The Parole Commission filed a response (Ex. K). Petitioner filed a reply raising two new issues:  (1) the preliminary hearing examiner induced him to admit the violations by promising he would be restored to supervision, and (2) the Parole Commission revoked his supervision on an illegal ground and failed to properly consider reinstating

his parole (Ex. L).  On June 9, 2005, the state circuit court denied the petition, addressing only the claim raised in the  petition itself, not the new claims raised in Petitioner's reply (Ex. M).  Petitioner sought review of the decision by filing a petition for writ of certiorari in the Florida First District Court of Appeal, Case No. 1D05-3350 ("First DCA") (Ex. N).  Petitioner argued the lower court erred by failing to address the merits of the arguments raised in his reply (*id.* at 82–89).  The Parole Commission responded that the issues raised for the first time in Petitioner's reply were not properly before the lower court; therefore, the court did not err by failing to address them (*see* Ex. U at 5–6).  The First DCA denied the petition on the merits on January 24, 2006 (Ex. N at 90).  Howard v. Fla. Parole Comm'n, 920 So. 2d 2 (Fla. 1st DCA 2006) (Table).  The First DCA denied Petitioner's motion for rehearing and motion for clarification, and issued the mandate August 15, 2006 (Ex. N, Case Docket).  Petitioner then filed a motion to amend his habeas petition in the underlying circuit court case, seeking disposition of the issues he first raised in his reply (*see* Ex. O).  On October 20, 2006, the circuit court denied the motion to amend without prejudice to Petitioner's filing a new petition with a request to the clerk of court to open a new habeas case (*id.*).  The court expressly stated that its order did not constitute a determination as to whether or not such a petition and claims were successive or otherwise procedurally barred (*id.*).

On November 5, 2006, Petitioner filed another habeas petition in the Walton County Circuit Court, Case No. 06-CA-584 ("second habeas petition"), raising two claims:  (1) the preliminary hearing examiner induced him to admit the violations by promising he would be restored to supervision, and (2) the Parole Commission revoked his supervision on an illegal ground and failed to properly consider reinstating his parole (Ex. U).  The circuit court denied the petition on the ground that it was barred by laches and was successive and an abuse of the writ (*id.*).  Petitioner sought certiorari review in the First DCA, Case 1D09-621 (Ex. V).  The First DCA affirmed per curiam without written opinion on August 6, 2009, with the mandate issuing September 1, 2009 (*id.*).  Howard v. Fla. Parole Comm'n, 14 So. 3d 1007 (Fla. 1st DCA 2009) (Table).

Petitioner filed the instant federal habeas action on July 1, 2010 (doc. 1).

II.   STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. In relevant part, section 2254(d) now provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state

---

[2] Unless otherwise noted, references to <u>Williams</u> are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable

application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams</u>, 529 U.S. at 409.  Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it.  <u>Holland v. Jackson</u>, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* <u>Bell v. Cone</u>, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001).  "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.'" <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting <u>Williams</u>, 529 U.S. at 411) (citing <u>Harrington v. Richter</u>, — U.S. —, 131 S. Ct. 770, 786–87 (Jan. 19, 2011)).  The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.  *See* <u>Gill</u>, *supra* at 1291 (citing <u>Harrington</u>, 131 S. Ct. at 786).  Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* <u>Harrington</u>, 131 S. Ct. at 786; *see also* <u>Gill</u>, *supra,* at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see e.g. Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").  The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  See Gill, 2010 WL 609844, at *18.  A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision.  Id.

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  See Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same).  The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claims.

III.     PETITIONER'S CLAIMS

A.      Ground One:  "Circuit court issued order to file new petition, then denied petition on grounds other than merits."

Petitioner contends the circuit court denied him due process by denying his second habeas petition (Case No. 06-CA-584) on procedural grounds instead of reviewing the merits, after the court previously instructed him to file the petition (doc. 1 at 4, 6–11).[3]  He states he raised this claim in his petition for review filed in the First DCA, Case No. 1D09-621 (*id.* at 4, 9, 11).

The Parole Commission concedes Petitioner exhausted this claim (doc. 8 at 12).  However, the Parole Commission contends this claim is not cognizable in federal habeas, because it presents purely an issue of state law, despite Petitioner's couching it in terms of due process (*id.* at 14–20).  The Parole Commission additionally contends that to the extent Petitioner's claim is construed as raising a federal due process claim, he failed to demonstrate that the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established federal law (*id.* at 17–20).

In Petitioner's reply, he reasserts his argument that the circuit court violated his due process rights by allegedly authorizing him to file the second habeas petition and then dismissing it on procedural grounds instead of addressing the merits (doc. 10 at 2–4).

        1.      Clearly Established Federal Law

In Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the Supreme Court set forth the process that is due to a parolee arrested for violating his parole.  The Court held that upon a parolee's arrest for a parole violation, due process requires that a preliminary hearing be conducted, at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after the arrest, to determine whether there is probable cause or reasonable ground to believe that the parolee committed acts that would constitute a violation of the conditions of his parole.  *Id*. at 485 (citation omitted).  The Court noted that the preliminary hearing should be conducted by someone other than the parole officer who reported the violations.  *Id*. at 486.  The Court held that the parolee should be given notice that the preliminary hearing will take place and that its purpose is to determine whether there is probable cause to believe he committed a parole

---

[3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

violation; and the notice should state what parole violations have been alleged. *Id.* at 487. The Court further held that at the hearing the parolee may appear, speak in his own behalf, and present relevant information. *Id.* Further, on request of the parolee, the person who gave adverse information on which parole revocation is to be based should be made available for questioning; however, if the hearing officer determines that an informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination. *Id.* The Court also held that the hearing officer must make a summary of what occurred at the hearing, determine whether there is probable cause to hold the parolee for the final decision of the parole board on revocation, and state the reasons for his determination and indicate the evidence he relied on, but formal findings of fact and conclusions of law are not required. *Id.*

Additionally, the Court held that if the parolee desires a hearing prior to the final decision on revocation, due process requires that a hearing be held. *Id.* at 488. At the final hearing, minimum requirements of due process include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 488–89.

### 2. Federal Review of State Court Decision

Petitioner asserts, and the Parole Commission agrees, that he presented this claim to the state courts in his petition to the First DCA seeking review of the state circuit court's decision denying his second habeas petition as barred by laches and as successive and an abuse of the writ. The First DCA affirmed the circuit court's decision without written opinion (Ex. V).

Although the state court's affirmance without opinion provides no guidance to this court in determining the rationale for its decision, this court must still defer to the state court decision unless review of the record shows that decision to be contrary to or an unreasonable application of clearly established federal law. *See* Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1255–56 (11th Cir.

2002) (holding that a state court decision that does not rest on procedural grounds alone is an adjudication on the merits and, therefore, entitled to deference under the AEDPA, even if the state court decision is not explained in a written opinion, and reviewing state court's rejection of claim to determine whether it was unreasonable application of clearly established federal law).

Initially, the state court record refutes the factual basis of Petitioner's claim. Petitioner asserts that in the circuit court's order denying his motion to amend his first habeas petition in Case No. 04-CA-211, the court authorized him to file a second habeas petition. The order denying Petitioner's motion to amend actually stated, in relevant part:

> In the instant Motion for Leave to File Amendment to Petition, Petitioner argues amendment *at this time* should be allowed for the purpose of disposition of two issues/claims that he *first raised* in the instant case in his <u>Reply filed on March 25, 2005</u> (docket item #4), specifically: (1) [t]hat the FPC Hearing Examiner induced him to plea[d] guilty to a violation of a condition of parole (now citing in support of such a claim, <u>Presley v. Fla. Parole Comm'n</u>, 904 So. 2d 573 (Fla. 1st DCA 2005) (<u>decided on June 13, 2005</u>)); and (2) [t]hat the FPC revoked his parole supervision on an illegal ground and lack of proper consideration for parole. (*See* Motion for Leave to File Amendment, at p. 4).
>
> **This cause has been finally adjudicated.** By Order rendered on June 10, 2005, this Court (predecessor Circuit Judge, the Honorable William F. Stone) denied on the merits the petition for writ of habeas corpus. In said petition for writ of habeas corpus, Petitioner challenged the Respondent FPC's revocation of his parole supervision and raised only one claim under <u>Tedder v. Fla. Parole Comm'n</u>, 842 So. 2d 1022 (Fla. 2003) (<u>decided on April 22, 2003</u>). Petitioner sought certiorari review in the appellate court. By **Mandate, dated August 15, 2006**, with attached per curiam opinion, the First District Court of Appeal (1DCA) denied on the merits the petition for writ of certiorari. (1DCA Case No. 1D05-3350).
>
> Petitioner's reliance on Fla. R. App. P. 9.040(d) and <u>Williams v. Fla. Parole Comm'n</u>, 624 So. 2d 926, 936 (Fla. 1st DCA 1993) is misplaced. Such authority does not authorize or otherwise allow for amendment of a petition for writ of habeas corpus *under the circumstances* of the instant case where the initial/original petition has been denied on the merits and the second-tier appellate review (by certiorari) is already final. In <u>Williams</u>, the district court of appeal recognized that because the case was being *remanded* for other reasons, it would be more appropriate for the trial court to then allow amendment of the original petition and to rule on such new claims after allowing FPC a full opportunity to further respond. The instant case is not back before this Court on remand.

**IT IS THEREFORE, ORDERED AND ADJUDGED that**:

. . . .

       2.  The instant Motion for Leave to File an Amendment to Petition for Writ of Habeas Corpus (and Complaint for Issuance of Amended Petition for Writ of Habeas Corpus) is **DENIED, without prejudice** to file a new petition for writ of habeas corpus with request to Clerk of Court to open a new case.  The denial without prejudice should not be construed as a preliminary favorable determination or comment by this Court as to the merits of the claims that Petitioner now seeks to raise.  This Court also makes no determination at this time as to whether or not such a petition and claims are successive or otherwise procedurally barred.

(Ex. O) (emphasis in original).

       The circuit court did not authorize Petitioner to file a successive or otherwise procedurally barred petition; rather, the court disallowed him from raising new claims in the first habeas action and advised him that if he wished to raise the claims, he must do so in a new case.  The circuit court did not state, either expressly or impliedly, that Petitioner would receive a merits review of any claims he raised in a new habeas action.  In fact, the court expressly stated it was <u>not</u> making a determination as to whether a new petition and claims would be successive or otherwise procedurally barred.  Therefore, the record refutes Petitioner's contention that the circuit court essentially promised him a merits review of his claims.

      Furthermore, Petitioner has failed to demonstrate that either <u>Morrissey</u> or any other Supreme Court precedent compelled a particular result in his case.  Neither <u>Morrissey</u> nor any other Supreme Court case of which the undersigned is aware held that a parolee against whom a final revocation decision has been rendered has a federal due process right to a merits review of any issue challenging the revocation decision.  Therefore, Petitioner failed to demonstrate that the state court's adjudication of his due process claim was contrary to or an unreasonable application of clearly established federal law.  Accordingly, he is not entitled to federal habeas relief on Ground One.

      B.    <u>Ground Two:  "District court's per curiam decision without written opinion."</u>

      Petitioner contends the First DCA abused its discretion and denied him due process by affirming the circuit court's decision (denying his habeas petition as barred by laches and as successive and an abuse of the writ) without a written opinion (doc. 1 at 4, 9–11).  Petitioner states

he did not raise this claim in the state courts, because Florida law precludes a litigant from seeking review of a district court's per curiam affirmance (*id.* at 4; doc. 10 at 4).

The Parole Commission contends this claim is not cognizable in federal habeas, because it presents purely an issue of state law, though couched in terms of due process (doc. 8 at 14–17).  The Parole Commission additionally contends to the extent Petitioner's claim is construed as raising a federal claim, it was not exhausted, because it was never raised the state courts (*id.* at 12).  Notwithstanding the failure to exhaust, the Parole Commission claims Petitioner is not entitled to relief, because there is no federal constitutional right to issuance of a written opinion by a state appellate court (*id.* at 20–21).

Notwithstanding Petitioner's failure to exhaust Ground Two in the state courts, his claim is without merit.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  Although the Supreme Court held that due process requires a written statement by the factfinders in the final revocation hearing as to the evidence relied on and reasons for revoking parole, *see* Morrissey, 408 U.S. at 489, neither Morrissey nor any other Supreme Court case extended that requirement to appellate review proceedings in parole revocation cases.  Therefore, Petitioner's due process claim is without merit.

C.    Ground Three: "Possible acts of collusion between counsel of record for Respondent and presiding circuit court judge."

As his final claim, Petitioner contends a manifest injustice occurred in the second habeas proceeding, Case No. 2006-CA-584, due to collusion between counsel for the Parole Commission and the presiding circuit court judge  (doc. 1 at 5, 12, 23–26).  Petitioner asserts the circuit court delayed two years in rendering its decision denying his petition as barred by laches and as successive and an abuse of the writ, and during the course of the proceedings, counsel for the Parole Commission sent two letters to the presiding judge, the contents of which were never shared with Petitioner (*id.*).  Petitioner states he discovered the existence of the letters when he obtained a docket sheet from the circuit court, indicating that letters from counsel to the judge were filed on January 4, 2007 and January 16, 2007 (*id.* at 25).  Petitioner does not indicate that he raised this claim in the state courts (*see id.* at 5).

As with Petitioner's other claims, the Parole Commission contends this claim is not cognizable in federal habeas, because it presents purely an issue of state law, though couched in terms of due process (doc. 8 at 14–17).  The Parole Commission additionally contends to the extent Petitioner's claim is construed as raising a federal claim, it was not exhausted, because it was never raised  the state courts (*id.* at 12).  Notwithstanding the failure to exhaust, the Parole Commission claims Petitioner is not entitled to relief, because his claim is wholly conclusory and devoid of factual support (*id.* at 21–22).

The undersigned agrees that Petitioner's claim is without merit.  With its response to the instant petition, the Parole Commission submitted copies of the letters identified by Petitioner (Ex. AA).  Each letter indicates Petitioner was "cc'ed," meaning a copy was provided to him (*id.*). Further, each letter simply notified the circuit court judge that the Parole Commission had filed certain documents with the clerk, had served a copy of the documents upon Petitioner, and was enclosing courtesy copies of the documents for the judge (*id.*).  Petitioner failed to show that the presiding judge colluded with counsel for the Parole Commission to deny him relief in the second habeas proceeding.  Therefore, he is not entitled to federal habeas relief on Ground Three.

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4<u>th</u> day of June 2012.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

        **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**